[Cite as *Guest v. Dept. of Transp.*, 2010-Ohio-6324.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRINA J. GUEST

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-03258-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Trina J. Guest, filed this action against defendant, Department of Transportation (ODOT), contending her 2008 Acura TL was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition in a construction area on Interstate 77 in Cuyahoga County. Plaintiff described her particular damage occurrence relating her vehicle struck a pothole while "traveling north on I-77, Cuyahoga County, far left lane, 1/4 mile south of Exit #153." Plaintiff further related, "I was traveling in a group of 6 vehicles of which all 6 of us hit the same pothole with right passenger wheels, damaging tires and rims on all 6 vehicles." Plaintiff noted she saw three other cars pulled over on the roadway shoulder area "with similar damage," apparently from striking the pothole on the roadway. Plaintiff recalled her damage incident occurred on January 4, 2010 at approximately 1:40 p.m. Plaintiff further recalled she reported the pothole problem to ODOT at approximately 2:30 p.m. on January 4, 2010 and noticed "the highway had been repaired and patched" by January 6, 2010. In her complaint, plaintiff requested damages in the amount of $500.00, her insurance coverage deductible for automotive repair. The filing fee was

paid.

{¶ 2} According to defendant, the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant explained the particular construction project "dealt with grading, pavement repair, planning, resurfacing with asphalt concrete and widening of structures on I-77 in Cuyahoga County." Defendant advised the construction project limits cover an area between state mileposts 149.00 to 155.5 on Interstate 77 and plaintiff's incident occurred at approximately state milepost 153.0. Defendant asserted Kokosing, by contractual agreement, was responsible for any damage occurrences or mishaps within the construction zone. Therefore, ODOT argued Kokosing is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway for construction activity. Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or Kokosing or any conduct attributable to ODOT or Kokosing. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Additionally, ODOT personnel maintained an onsite presence performing work inspections.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415,

61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonable safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the particular construction site and correct any known deficiencies in connection with particular construction work. *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively defendant argued that neither ODOT nor Kokosing had any knowledge of the particulr damage-causing pothole prior to plaintiff's incident. Defendant's records (copies submitted) show plaintiff's husband made a telephone complaint regarding the pothole on Interstate 77 after the incident forming the basis of this claim. Defendant denied receiving any calls or complaints about the particular pothole prior to plaintiff's damage occurrence.

{¶ 6} Defendant submitted a copy of a written statement from Kokosing representative, Pamela LeBlanc, concerning work performed by Kokosing employees on Interstate 77 on January 4, 2010. LeBlanc pointed out Kokosing employees repaired potholes on that day using cold patch material. LeBlanc specifically denied the pothole repairs were made in response to any notification from ODOT or any other entity. LeBlanc noted the pothole patching conducted on January 4, 2010 was done "in small areas." LeBlanc further noted the specific roadway area where plaintiff located the pothole her vehicle struck has been repaved and Kokosing has "not put one pound of cold patch on any of" the newly paved area.

{¶ 7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 9} Generally, to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole condition. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standards for the discovery of certain road hazards." *Bussard.*

{¶ 11} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d

262, 577 N.E. 2d 458.

{¶ 12} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶ 13} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRINA J. GUEST

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03258-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

       Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

| | |
|---|---|
| Trina J. Guest | Jolene M. Molitoris, Director |
| 912 Harring Road | Department of Transportation |
| Uniontown, Ohio  44685 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

RDK/laa
8/3
Filed 8/31/10
Sent to S.C. reporter 12/17/10