[Cite as *State v. Legg*, 2013-Ohio-3905.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.  26768 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD S. LEGG | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR 12 03 0632 (A) |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2013

CARR, Judge.

{¶1}   Appellant, Ronald Legg, appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}   This matter arises out of the murder of baby Patrick Lerch.

{¶3}   On March 19, 2012, the Summit County Grand Jury indicted Legg and three co-defendants on one count of illegal manufacture of drugs, one count of illegal assembly or possession of chemicals for the manufacture of drugs, one count of aggravated possession of drugs, and one count of illegal use or possession of drug paraphernalia.  On April 5, 2012, the Grand Jury returned a supplemental indictment charging Legg with numerous additional felonies, including murder and endangering children.  The supplemental indictment also charged Legg's co-defendants with additional offenses.

{¶4} After initially pleading not guilty to the offenses, Legg appeared for a change of plea hearing on September 21, 2012. Legg pleaded guilty to one count of endangering children, one count of murder, and one count of illegal manufacture of drugs. The remaining counts in the indictments were dismissed. Legg also pleaded guilty to violating the terms of community control in two prior cases. The trial court conducted a sentencing hearing on September 25, 2012. For endangering children, Legg received an eight-year prison sentence, which was ordered to run concurrently with the sentence for murder, which was 15 years to life imprisonment. Legg also received a ten-year sentence for illegal manufacture of drugs, which was ordered to run consecutively to the sentences for murder and endangering children. The trial court further ordered that Legg's total sentence in this case was to be served consecutively to prison terms for violating community control in his two prior cases. The aggregate sentence Legg received was 27 years to life imprisonment.

{¶5} On January 25, 2013, Legg filed a motion for a delayed appeal, which was subsequently granted by this Court. On appeal, Legg raises one assignment of error pertaining to his sentence.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

{¶6} In his sole assignment of error, Legg contends that the trial court failed to properly analyze whether the offenses for which he was convicted were allied offenses of similar import. This Court agrees.

**{¶7}** R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶8}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court of Ohio clarified the application of R.C. 2941.25. Specifically, the court overruled *State v. Rance*, 85 Ohio St.3d 632 (1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25. [Now w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at ¶ 44.

**{¶9}** At the September 21, 2012 plea hearing, the assistant prosecutor stated, "In regards to the potential sentence in this case, the State has agreed with the defense and would ask the Court to accept our agreement, and that for purposes of this * * * sentencing and this defendant, that the endangering children, Count 5, and Count 6, the murder, would merge for purposes of sentencing." The State further noted that pursuant to the parties' agreement, Legg would be free to argue that the sentence for murder should run concurrently with the sentence for illegal manufacture of drugs. After being put on notice of the parties' agreement, the trial court did not ask the parties for a statement of facts.

**{¶10}** Four days after the plea hearing, on September 25, 2012, the trial court conducted the sentencing hearing. At the outset of the hearing, the State emphasized the need for a "harsh sentence" to be imposed in this case. The State made several references to the trial of one of

Legg's co-defendants, stating that while only a "sanitized version" of the incident was presented, the "horrible photos" introduced at trial revealed what kind of suffering the victim endured. Defense counsel responded to these statements, arguing that Legg was "not the monster that he has been portrayed during the course of this case." Defense counsel further stated, "For purposes of sentencing, the State has agreed that the child endangering charge would merge with the murder charge. And I would argue to you as well that the activity that led to the death is the manufacturing, and I would urge you to give him concurrent time on that charge as well." Before permitting Legg to make a statement on his own behalf, the trial court stated, "I will indicate to counsel that the Court does not intend to merge the sentences on Counts 5 (endangering children) and 6 (murder), because the information made available to the Court as the evidence has developed in these cases suggests that merger would not be appropriate. There were many more acts involved here than merely manufacturing methamphetamine." After Legg made a statement, the trial court spoke about the number of lives that were impacted by Legg's actions, as well as the factors the trial court must consider in fashioning a sentence. The trial court then proceeded to impose separate sentences for endangering children, murder, and illegal manufacture of drugs. In imposing these sentences, the trial court did not discuss the specific conduct at issue in this case, nor did it mention the allied offenses standard articulated by the Supreme Court in *Johnson*.

{¶11} In its sentencing entry that was journalized on October 5, 2012, the trial court stated, "the court conducted an analysis to determine whether the Count 5 offense of ENDANGERING CHILDREN and the Count 6 offense of MURDER were allied offenses of similar import, applying *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6324. The court found that those offenses were not committed by the same conduct of the defendant in this

instance. Accordingly, the court determined that those offenses are NOT subject to merger as allied offenses of similar import."

{¶12} On appeal, Legg argues that while he pleaded guilty to murder, endangering children, and illegal manufacture of drugs, there were no facts in the record for the trial court to justify refusing to merge those offenses for the purpose of sentencing. In its merit brief, the State concedes that this matter must be remanded, stating, "the State contends that the matter should be remanded for the trial court to apply *Johnson* in the first instance with respect to the offense of illegal manufacturing and child endangering." The State further states, "the matter should [also] be remanded for the trial court to apply [] *Johnson* with regard to the offenses of Murder and Child Endangering and to articulate on the record the specific reasons for which the Court found that the offenses are not allied so that the reviewing court can conduct a de novo review."

{¶13} We agree with the contention of both parties that this matter must be remanded for the trial court to analyze in the first instance whether Legg was convicted of allied offenses of similar import. As noted above, the allied offenses analysis under *Johnson* is a fact-based inquiry. *Johnson* at ¶ 44. This matter was resolved by way of a negotiated guilty plea, and the parties had reached an agreement regarding which offenses constituted allied offenses. While the trial court stated in its sentencing entry that it had conducted an allied offenses analysis pursuant to *Johnson*, the absence of a presentation of facts pertinent to Legg's case rendered the trial court unable to undertake the *Johnson* analysis in its entirety. Because there was not a statement of facts before the court, there is no basis in the record to substantiate the trial court's decision to reject the parties' stipulation that the offenses of murder and child endangering should be merged. It follows that this matter must be remanded for the trial court to conduct a new sentencing hearing.

**{¶14}** The assignment of error is sustained.

III.

**{¶15}** Legg's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

STEPHEN A. GOLDMEIER, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.